**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 17-cr-00059-CMA-02

UNITED STATES OF AMERICA,

   Plaintiff,

v.

2.  JAIME MICHAEL RUBIO-PEREZ,

   Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT
TO THE FIRST STEP ACT**

---

   This matter is before the Court on Defendant Jaime Michael Rubio-Perez's

Motion to Reduce Sentence to § 3582(c)(2) and the First Step Act of 2018 (Doc. # 223).

Mr. Rubio-Perez seeks to reduce his sentence "in light of [t]he "First Step Act" Section

402" by two levels. (*Id.* at 2.) However, because Mr. Rubio-Perez is ineligible for relief

under the First Step Act, the Court denies the Motion.

## I.      <u>LEGAL STANDARD</u>

   "A federal district court may modify a defendant's sentence where Congress has

specifically authorized it to do so." *United States v. Lewis*, No. CR 08-0057 JB, 2019 WL

2192508, at *21 (citing *United States v. Blackwell*, 81 F.3d 945, 947(10th Cir. 1996)); 18

U.S.C. § 3582(c)(1)(B). "The First Step Act was passed by Congress, and signed by the

President, in an effort to remedy the disproportionately harsh sentences imposed for

crack cocaine offenses." *United States v. Tucker*, 356 F. Supp. 3d 808, 810 (S.D. Iowa

2019). The First Step Act provides that a court may impose a reduced sentence for a defendant who has been sentenced for a "covered offense" subject to revised sentencing guidelines set forth in Sections 2 and 3 of the Fair Sentencing Act. Pub. L. No. 115-391, § 404,132 Stat. 5194, 5222. The "covered offenses" in the First Step Act are "violation[s] of a Federal Criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that [were] [] committed before August 3, 2010." *Id.* § 404(b), 132 Stat. at 5222.

Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Dorsey v. United States*, 567 U.S. 260, 269 (2012); Pub. L. No. 111-220 § 2, 124 Stat. 2373. Section 3 of the Fair Sentencing Act discarded the 5-year mandatory minimum sentence for simple possession of crack cocaine. *Id.* The purpose of both sections was to modify mandatory minimum sentences for crack cocaine offenses set forth in 21 U.S.C. Section 841. *See* 18 U.S.C. § 841(b)(1)(A)(iii); (b)(1)(B)(iii).

The First Step Act provides a two-part inquiry for courts considering a defendant's resentencing. First, a defendant must be eligible for relief under the First Step Act. *See Lewis*, 2019 WL 2192508 at *18–19. Second, a court decides whether a resentencing is warranted. *Id.* With respect to the first part, "[t]o be eligible for relief under the First Step Act's Section 404(a), a defendant must have been convicted and sentenced for a covered offense. To be convicted of a covered offense, a defendant (1) must have been convicted for violating a federal criminal statute, for which the Fair

2

Sentencing Act's sections 2 and 3's modified the penalties; and (2) have committed that offense before August 3, 2010." *Id.* at *18. Regarding the second part, that a defendant's mandatory minimum sentencing guidelines were changed under the Fair Sentencing Act is sufficient to warrant a resentencing under the First Step Act. *Tucker*, 356 F. Supp. 3d at 810. Indeed, "[r]elief under the First Step Act is discretionary." *United States v. Davis*, No. 07-cr-245S (1), 2019 WL 1054554, at *3 (W.D.N.Y. Mar. 6, 2019).

## II.      ANALYSIS

In the instant action, the Court need not go further than address the first part of the First Step Act analysis—eligibility. On December 19, 2017, the Court sentenced Mr. Rubio-Perez to 83 months imprisonment and 5 years of supervised release for violating 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii), conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine (Doc. ## 191–192), to which he pleaded guilty on August 24, 2017 (Doc. ## 115–117). Further, he joined the conspiracy on January 29, 2017. (Doc. # 116 at 6, ¶ 15.)

Mr. Rubio-Perez contends that the First Step Act constitutes one of those "limited circumstances" that permit this Court to modify his sentence. (Doc. # 223 at 4.) However, the First Step Act primarily focuses on mandatory minimum sentences that were altered by the Fair Sentencing Act of 2010 and applies that law retroactively to sentenced defendants who were convicted of violating 21 U.S.C. §§ 841(b)(1)(A)(iii), (B)(iii), 960(1)(C), and (2)(C) and committed either offense prior to January 3, 2010.

Accordingly, Mr. Rubio-Perez's violation of 21 U.S.C. § 841(b)(1)(A)(viii) in 2017 does

not qualify for relief under the First Step Act.

### III.        <u>CONCLUSION</u>

For the foregoing reasons, Defendant Jaime Michael Rubio-Perez's Motion to

Reduce Sentence Pursuant to § 3582(c)(2) and the First Step Act of 2018 (Doc. # 223)

is DENIED.

DATED:  April 23, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge