IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 17-cr-00059-CMA-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  JAIME MICHAEL RUBIO-PEREZ,

    Defendant.

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Jaime Michael Rubio-Perez's Motion for Compassionate Release. (Doc. # 228.) After complete review of Mr. Rubio-Perez's Motion, and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that Mr. Rubio-Perez's Motion for Compassionate Release is DENIED.

FACTORS CONSIDERED:

- Mr. Rubio-Perez is a 45-year-old inmate currently housed at Big Spring Flightline Correctional Facility in Texas. (Doc. # 228 at 6); (Doc. # 242 at 1).

- In 2017, Mr. Rubio-Perez pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). (Doc. # 192 at 1.) The Court sentenced Mr.

- Rubio-Perez to 83 months imprisonment and 5 years of supervised release. (*Id.* at 2–3.) His anticipated release date is February 13, 2023. (Doc. # 242 at 2.)

- At the time Mr. Rubio-Perez filed his motion, he had served approximately 65% of his sentence. *See* (Doc. # 228 at 19.) He currently has about 14 months of his imprisonment sentence yet to serve.

- There is no dispute that Mr. Rubio-Perez has exhausted his administrative remedies. *See* (Doc. # 232 at 2.)

- Mr. Rubio-Perez now seeks compassionate release. (Doc. # 228.) He argues that he had surgery in July 2021 for a collapsed right lung and has a "weak respiratory system" that puts him at an increased risk of suffering fatal consequences from COVID-19. (Doc. # 242 at 4.) He states that if he is released, he will be cared for by his family in Culiacan, Sinaloa, Mexico and can work at his cousin's housecleaning business. (*Id.* at 7–8.) Mr. Rubio-Perez argues that these factors support a finding of extraordinary and compelling circumstances justifying early release. (*Id.* at 6.)

- The Court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

- The applicable Sentencing Commission policy statement provides that a court may reduce the term of imprisonment if it finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the types of conditions and characteristics that qualify as "extraordinary and compelling reasons" for release, including advanced age, severe physical deterioration, terminal illness, and the death of a caregiver of the defendant's minor children. USSG § 1B1.13, cmt. n.1(A)-(C).

- As the movant, Mr. Rubio-Perez bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

- Mr. Rubio-Perez argues that "[t]he COVID-19 situation in Beaumont, combined with Mr. Rubio-Perez's personal health, constitute 'extraordinary and compelling reasons' to grant him relief." (Doc. # 242 at 6.) In his Motion, Mr. Rubio-Perez states that the surgery for his collapsed right lung "confines [him] to a chair or bed for more than 60% of [his] waking hours." (Doc. # 228 at 5.) In addition, he notes that he contracted COVID-19 in June 2020 and has high blood pressure, high cholesterol, and bullous disease, a skin condition. (Doc. # 242 at 4–5.)

- The Government responds that Mr. Rubio-Perez has not met his burden of showing extraordinary and compelling circumstances. (Doc. # 248 at 1.) The Government argues that the medical records show that Mr. Rubio-Perez "had an acute medical episode in July 2021 from which he has recovered" and his other health problems "are relatively benign and well-controlled." (*Id.*) In response to Mr. Rubio-Perez's assertion that he was confined to a chair or bed for 60% of his

waking hours after his surgery, the Government points to medical records that show that "he ambulated around his room 'well' and reported no pain just a few days after his treatment." (*Id.* at 2.) Further, the Government notes that at follow up appointments Mr. Rubio-Perez denied chest pain or shortness of breath and complained only of an unrelated minor health issue. (*Id.*); (Doc. # 234 at 1.) Finally, the Government asserts that Mr. Rubio-Perez is fully vaccinated for COVID-19, which "vastly mitigates the risks" associated with contracting the virus. (Doc. # 248 at 2.)

- The Court finds that Mr. Rubio-Perez's medical conditions do not rise to the level of "extraordinary and compelling" circumstances justifying compassionate release, such as a terminal illness or permanent physical or medical condition that substantially diminishes Mr. Rubio-Perez's ability to provide self-care within the environment of a correctional facility. *See* USSG § 1B1.13, cmt. n.1(A); *see also United States v. Martin*, No. 2:16-20025-JAR-1, 2020 WL 4515363, at *5 (D. Kan. Aug. 5, 2020) (denying compassionate release in part because the defendant's "general assertion that he has respiratory issues stemming from a collapsed lung," from which he appeared to have recovered, "[did] not clearly place him at risk for severe illness if he contracts COVID-19"). Further, Mr. Rubio-Perez was asymptomatic when he tested positive for COVID-19 in June 2020, and he is now fully vaccinated against COVID-19. (Doc. # 234 at 2) (Doc. # 242-2 at 1).

- This Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling

- reasons justifying compassionate release. *See, e.g. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *accord United States v. Korn*, No. 15-CR-81S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." (emphasis removed)); *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Ca. Mar. 25, 2020) ("As defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").
- This Court also agrees with those courts that have found that an inmate's vaccination against COVID-19 weighs against a finding of extraordinary and compelling circumstances. *See United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (citing *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. Apr. 5, 2021) for its illustration of a "'growing consensus' that either receiving or refusing COVID-19 vaccination 'weighs against a finding of extraordinary and compelling circumstances'"); *see also United States v.*

> *Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) ("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison."); *United States v. Singh*, 525 F. Supp. 3d 543, 546–47 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release.").

- Even assuming Mr. Rubio-Perez had met his burden of proving extraordinary and compelling circumstances, early release would not be appropriate. The Court has fully considered the 18 U.S.C. § 3553(a) factors and finds that early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate general or specific deterrence to criminal conduct. Mr. Rubio-Perez was sentenced for the serious offense of conspiring to bring ten pounds of methamphetamine to the Denver area to distribute it for profit, (Doc. # 169 at 4), and he still has roughly one third of his sentence yet to serve (Doc. # 248 at 1). The § 3553(a) factors do not support early release under these circumstances.

- Because Mr. Rubio-Perez has failed to demonstrate the existence of extraordinary and compelling circumstances, and because the Court finds he

presents a risk to the community to reoffend, early release is not justified. For the foregoing reasons, Mr. Rubio-Perez's Motion for Compassionate Release (Doc. # 228) is DENIED.

DATED:  December 6, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge